## GUNDRY VS. VIVIAN.

Whether, in an action against the assignee in a general assignment for the benefit of creditors, to obtain payment of one of several preferred claims, the defendant may insist that the other creditors be made defendants, it was not necessary in this case to decide. But if so, he must object to the omission of such defendants by demurrer or answer; otherwise he can take no advantage of it.

J. B. & Co. made an assignment of their property to the defendant, for the benefit of their creditors, in which they placed the Iowa County Bank among the preferred creditors, for a certain amount. The indebtedness was for a balance against J. B. & Co. on the books of the bank, the whole amount being the price of certain time drafts sold them by the bank, and not matured at the date of said assignment. The bank, for a valuable consideration, gave the plaintiff an order on the defendant, as assignee, for said amount, to be charged "to account of amount due" the bank from J. B. & Co.; and the defendant accepted the order, as such assignee. *Held*,

1. That the order operated as an assignment by the bank of its interest in the special fund in the hands of the defendant.

2. That the assignee of J. B. & Co. was estopped by the representation made in the assignment, from denying their indebtedness to the bank, and setting up as a defense to an action upon the order of the payee thereof the fact that the bank had become insolvent before said drafts matured, and that they were protested for non-payment by reason of a want of funds in the hands of the drawees to meet them.

A clause in the assignment relative to the payment of the preferred creditors directed that all the payments be made "according to the amounts actually due to the several persons, whether correctly stated in said schedule or not." *Held*, that this was not intended to restrict the power of the assignee to paying the debts mentioned in the schedule to the identical persons therein named; nor did it require him to insist upon equities which might afterwards arise, whether available to the assignors or not; but required him merely to adjust balances and pay the amount actually due in each case, whether the precise amount was stated in the schedule or not

Where a complaint against a grantee in an assignment for the benefit of creditors clearly states a cause of action against him in his fiduciary capacity, a judgment directing payment of the plaintiff's claim out of the trust fund will not be reversed on the ground that the defendant was not described as assignee in the title of the cause, or that the complaint simply demanded "judgment against the defendant" for a certain amount.

APPEAL from the Circuit Court for *Iowa* County.

On the 15th of August, 1861, Jenkins, Barringer & Co. purchased of the Iowa County Bank two drafts—one upon New York for $500, at ninety days after sight, in favor of Samuel Grayden, a creditor to whom they wished to remit that amount; the other upon Chicago for $100.00, payable thirty-five days after sight, in favor of Davis, Sawyer & Co., who were also their creditors. At the time said drafts were drawn, Jenkins, Barringer & Co. had but a trifling amount on deposit in said bank, and obtained the drafts on credit, with the understanding that they should make payments to the bank sufficient to meet the drafts by the time they matured. The amount of the drafts was charged to J., B. & Co. upon the books of the bank, which showed a balance against them of $558.04. On the 22d of the same month, Jenkins, Barringer & Co. failed, and made an assignment of their property for the benefit of their creditors to *Francis Vivian*, who accepted the trust. In the schedule attached to the assignment, the bank was placed among the preferred creditors in "class No. 1, for $558.04." The declaration of trust in the assignment, after providing for a sale of the real and personal property, and collection of choses in action, and for payment of costs and expenses, and of rents, taxes &c., added: "And with the residue of said sales and collections, the said *Francis Vivian* shall first pay and discharge in full the several debts, bonds, notes and sums of money due, or to grow due, from the said Jenkins, Barringer & Co., or for which they are liable, to the persons and firms designated in the schedule hereto annexed and made a part hereof, marked 'Class No. 1,' * * * all the payments to be made according to the amount actually due to the several persons and

firms, whether correctly stated in said schedule, Class No. 1, or not." On the 11th of September, 1861, the Iowa County Bank gave to the plaintiff, *Gundry*, an order addressed to the defendant as assignee, as follows: "Pay to the order of *Joseph Gundry*, five hundred and fifty-eight and 4-100 dollars, value received, and charge the same to account of amount due Iowa County Bank from Jenkins, Barringer & Co." The plaintiff presented the order on the same day to the defendant, who accepted it, and wrote upon the face of it "Accepted, FRANCIS VIVIAN, Assignee." The order "was given to *Gundry* for its full face value in cash, in order that he might take the place of the bank as a preferred creditor of Jenkins, Barringer & Co." Soon after the acceptance, sufficient funds came into *Vivian's* hands to pay the order, but he refused payment on demand. The drafts of the bank upon New York and Chicago were not paid at maturity, but were protested, for want of funds of the bank in the hands of the drawees; and notice of protest was duly given. When the draft on New York was drawn, said bank had a running account with the drawees; but at the time it matured the bank had no funds in the hands of said drawees; and previous to that time, viz., on the 28th of October, 1861, it failed, and made an assignment for the benefit of its creditors. Among the preferred creditors in that assignment were Samuel Grayden and Davis, Sawyer & Co. for the amounts of said drafts in their favor respectively. This action was brought by *Gundry* against *Vivian*, to recover the amount of the order above mentioned in favor of the plaintiff, with interest.

The complaint sets forth the order, and the acceptance thereof as above stated; the fact that the defendant was then and there assignee &c.; the character of the assignment; the facts that the Iowa County Bank was in the first class of preferred creditors, and that from the assets of the assignors the defendant had realized more than sufficient to pay the claims of said preferred creditors; the demand and refusal of pay-

meﾁt, &c.; and demands judgment "against the defendant." In the title of the cause, the name of the defendant is given without any description of him as assignee &c.

On the trial, a jury being waived, the court found the facts substantially as above stated, and as a conclusion of law held that the plaintiff was entitled to recover. Judgment was rendered that the plaintiff recover "of the defendant, *Francis Vivian*, the sum of" &c., "and that the same be paid by said *Vivian* out of the trust fund in his hands as assignee" &c. From this judgment the defendant appealed.

*Cobb, Wilson & Sudduth*, for appellant, contended 1. That the action was against *Vivian* in his personal capacity, while the judgment orders a specific disposition of a trust fund in his hands. 2. That no such specific disposition of the trust fund could be enforced by action, unless the creditors provided for by the assignment were made defendants. *Geisse v. Beall*, 3 Wis., 367 ; Burrill on Assignments, 589, 590 ; 6 How. Pr. R., 379. 3. That the fund in the defendant's hands was not subject to the payment of the plaintiff's claim. As to this point counsel maintained (1) That the non-payment of the drafts drawn by the Iowa County Bank constituted a defense which Jenkins, Barringer & Co. could interpose in an action against them upon the book account of the bank for the balance due after the sale of the drafts. (2) That the defendant, as assignee, could make any defense, in an action to recover a portion of the trust fund, which the assignor could have made had there been no assignment.

*Geo. L. Frost*, for respondent.

*By the Court*, COLE, J. It is too late, at this stage of the cause, to object that there is a defect of parties defendant. Whether, therefore, it would have been requisite to make the creditors of Jenkins, Barringer & Co. parties, had the objection been seasonably taken, we shall not stop to inquire. Our statute requires that when there is a defect of parties, the objec-

tion must be taken either by answer or demurrer; otherwise it shall be deemed to be waived. Sections 5, 8 and 9, chap. 125. And as the objection was not taken in the manner required by law, it is now too late to insist upon it.

It is quite clear that the instrument sued on operated as an assignment of the special fund in the hands of the assignee belonging to the Iowa County Bank. But it is insisted that the assignment was subject to equities existing between the bank and Jenkins, Barringer & Co., and that if the latter could have successfully resisted the collection of the account in favor of the bank, the assignee can. And that Jenkins, Barringer & Co. could have prevented a payment of this account, is said to be most manifest, since there was a failure of consideration for it, inasmuch as the bank made no provision for meeting the drafts at maturity. If this were all there was of the transaction, and Jenkins, Barringer & Co. had said or done nothing which estopped them, or any other person representing their interest, from saying that they did not owe the bank anything, then this proposition could not be contested. But how stand the facts? Jenkins, Barringer & Co. make an assignment of their property for the benefit of their creditors. In the assignment they represent that they owe the bank the amount of this account, and place the bank among their list of preferred creditors. This was before the time drafts sold by the bank to Jenkin, Barringer & Co. matured, and when the latter could have raised no legal objection to the collection of the account. At this time, the respondent purchased of the bank the special fund in the hands of the assignee for its full value, and in good faith. He undoubtedly then trusted to and relied upon the representation contained in the assignment, that Jenkins, Barringer & Co. owed the bank $558.04. Had he not a right to rely upon this written representation in the assignment to that effect, and act upon it? It appears to us he had. Suppose Jenkins, Barringer & Co. had made no assignment, but the respondent had gone to them on the 11th of September, 1861,

and inquired if this account of the bank against them was just and would be paid, and, upon being told that it was correct, had purchased it for value. Would Jenkins, Barringer & Co., when afterwards sued upon the account, be permitted to say that they did not owe the amount; that for something which subsequently occurred, the consideration for that account had failed? Most certainly, as it appears to us, they would be estopped from making any such defense. For an admission that the account was correct would induce the respondent to buy the same, when perhaps he otherwise would not, thus "actually leading him into a line of conduct which must be prejudicial to his interest unless " Jenkins, Barringer & Co. were estopped from contesting its validity. This is what is defined as an estoppel *in pais.* See *State ex rel. The State Bank vs. Hastings,* 15 Wis., 75, and authorities there cited. The case, as it now stands, does not appear to be in principle distinguishable from the one supposed. Jenkins, Barringer & Co. make their assignment, representing that they owe the bank a certain amount, and direct the assignee to pay this sum as one of their preferred debts. The respondent purchases this fund for value, relying upon the truth of this representation. Shall the assignee, for anything which afterwards occurred, be permitted to say that the assignors did not owe this debt, and that he has no funds in his hands to be applied to its payment? We think not, and that, too, upon the principle and for the reason that Jenkins, Barringer & Co. having thus represented, in a solemn instrument, that they owed the debt, and provided a fund for its payment, neither they nor their assignee shall afterwards say the debt is not due, and thus defeat a purchaser in good faith for value.

Some stress is laid upon the clause in the assignment which directs the assignee to pay the debts due the persons and firms designated in schedule No. 1, "all the payments to be made according to the amount actually due to the several persons and firms, whether correctly stated in said schedule class No 1,

or not." We do not suppose that it was intended by this language to restrict the power of the assignee to paying the debts mentioned in the schedule, to the identical persons therein named; or that it required him to insist upon equities which might afterwards arise, whether available to the assignors or not. The power given him in this clause, undoubtedly, was to adjust balances and pay the amount actually due to the several persons therein named, whether the precise amount was stated in the schedule or not.

A still further objection is, that the action is against the appellant personally, while the judgment is against him in his fiduciary character. We do not so understand the complaint. The suit is against the appellant as assignee, and the judgment appears to be in proper form.

For these reasons the judgment of the circuit court is affirmed.